ORDERED.

Dated: March 07, 2011

_____
**EILEEN W. HOLLOWELL**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXTRA ROOM, INC., | ) | Case No. 4:09-bk-03694-EWH |
| | ) | **MEMORANDUM DECISION** |
| | ) | |
| Debtor. | ) | |

## I. INTRODUCTION

The parties disagree about the characterization of an agreed upon payment to the former spouse of Debtor's principal. For the reasons explained in the balance of this decision, the court finds that the payment is a payment of the ex-spouse's allowed claim against the bankruptcy estate.

## II. FACTS

Debtor, prior to the confirmation of its liquidating plan of reorganization, was a closely held corporation. Debtor's shareholders were all trusts controlled by the Phinny family. Stephen Phinny was the President of the Debtor, and the Stephen Phinny Trust held the largest equity share of the Debtor (over 40%). The Debtor owned one major asset, a building in Telluride, Colorado ("Telluride Property").

The Debtor filed for Chapter 11 protection on March 3, 2009.  At the time of filing, the Telluride Property was encumbered by a deed of trust in favor of a secured lender ("Secured Creditor").  Katherine Phinny, the ex-wife of Stephen Phinny, also claimed an interest in an apartment and related space (collectively "Apartment") in the Telluride Property pursuant to a November 2, 2004 property settlement agreement ("PSA") entered in her divorce with Stephen Phinny.

On June 23, 2010, Katherine Phinny filed a $3 million proof of claim asserting that she held a property interest in the Telluride Property.  Her claim was objected to by the Debtor and the Secured Creditor.  On September 13, 2010, an order was entered authorizing the sale of the Telluride Property pursuant to 11 U.S.C. § 363 ("Sale Order").  Katherine Phinny filed an objection to the sale in which she acknowledged that the sale could occur under § 363(f)(4) because her claim was in bona fide dispute.  She requested that if the sale was approved, that her "liens, interests and proceeds" attach to the sale proceeds (DE# 176).

After the sale closed, the Debtor and Katherine Phinny filed dueling motions about whether the Sale Order extinguished Katherine Phinny's claim and whether she otherwise had an allowable claim against the estate.  Eventually, the parties agreed on an amount to be paid to Katherine Phinny – $200,000 – but disagreed about the characterization of the payment.  That disagreement was preserved in Debtor's Third Amended and Modified Plan of Reorganization ("Plan"), which provided for no payment to Katherine Phinny unless her claim was allowed.  If the claim was not allowed, then Katherine Phinny was to receive 100% of the funds due to Stephen Phinny for his equity interest in the Debtor.  The Plan was confirmed on November 24, 2010. Thereafter, the

parties submitted simultaneous briefs on the issue of how the $200,000 should be characterized.  The matter is ready for decision.

## III. ISSUES

1. Does Katherine Phinny have an allowed claim?

2. If, instead, Katherine Phinny has received a distribution of Stephen Phinny's equity interest in the Debtor, should the payment be characterized as payment for past due child support or a payment of a property debt due to her under the PSA?

## IV. STATEMENT OF JURISDICTION

Jurisdiction is proper under 28 U.S.C. § 1334 and § 157(b)(2)(B).

## V. DISCUSSION

The PSA requires the Debtor to provide Katherine Phinny with a no-cost lease ("Lease") for the Apartment.[1]  The PSA, therefore, imposed an obligation on the Debtor to Katherine Phinny independent of any obligation due to her from Stephen Phinny.  A lessee's interest is an "interest" under § 363(f).[2]  See Precision Indus., Inc. v. Qualitech Steel SBQ, LLC, 327 F.3d 537, 545 (7th Cir. 2003), ("The right that a leasehold confers

---

[1] The PSA requires Stephen Phinny to do certain things regarding the Telluride Property, such as purchasing the Apartment, but it also requires the Debtor to lease the Apartment to Katherine Phinny.  Ex. 1 ¶ 11(B), (C) (Dec. 31, 2010), to DE# 238.

[2] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. § 101, et. seq.

3

upon a lessee is one to possess property for the term of the lease . . . . That right may be understood as an 'interest' in the property.") Section § 363(e) protects the rights of parties whose interests are adversely affected by a sale of estate property by giving them a right to adequate protection. Here, the sale cut off Katherine Phinny's rights as a lessee to continued possession of the Apartment, so § 363(e) gave her the right to be compensated from the proceeds of the sale of the Telluride Property.

The Debtor makes several arguments in support of its claim that the payment should be characterized as child support. First, Debtor argues that because the obligations regarding the Telluride Property are unsecured, that the only way Katherine Phinny can enforce Debtor's Lease obligation is by obtaining and enforcing a judgment recognizing her rights. This is simply incorrect. The PSA provided Katherine Phinny with a Lease from the Debtor. Therefore, she has the rights provided to her by §§ 363(e) and (f). Those rights are enforceable without any need for Katherine Phinny to obtain a judgment.

The rest of the Debtor's arguments assume that what the Debtor distributed to Katherine Phinny is Stephen Phinny's equity interest in the sales proceeds. Because Katherine Phinny had a property interest in the Telluride Property, she had an allowed claim against the Debtor, which was superior to any equity claim of Stephen Phinny. Therefore, the $200,000 payment was a payment from the Debtor for that claim, not a distribution of Stephen Phinny's equity interest to her for past due child support obligations.[3]

---

[3] The $200,000 payment may also satisfy some of Stephen Phinny's obligations to Katherine Phinny under their divorce decree, but that is not a question for this court to decide.

4

Because Katherine Phinny has an allowed claim against the Debtor in an agreed upon amount of $200,000, the court need not address the issue of how the $200,000 payment should be characterized if it were a distribution of Stephen Phinny's equity interest.

## VI. CONCLUSION

For the reasons set forth above, the court finds that the $200,000 payment constituted satisfaction of Debtor's obligations to Katherine Phinny for her interest in the Telluride Property. An order consistent with the terms of this Memorandum Decision will be entered this date.

Dated and signed above.

Notice to be sent through the
Bankruptcy Noticing Center "BNC"
to the following:

Eric Slocum Sparks, Esq.
110 South Church Ave. #2270
Tucson, AZ  85701

Jonathan M. Saffer, Esq.
Nathan G. Kanute, Esq.
Snell & Wilmer L.L.P.
One South Church Ave., Suite 1500
Tucson, AZ 85701-1630

Christopher J. Pattock, Esq.
Office of the U.S. Trustee
230 North First Ave. #204
Phoenix, AZ  85003-1706